**In re SHELL OIL COMPANY,**
**Petitioner.**

**No. 80–3652.**

United States Court of Appeals,
Fifth Circuit.
Unit A

Oct. 30, 1980.

---

Iddo Pittman, Jr., Hammond, La., for Shell Oil Co.

John R. Burgess, Livingston, La., for Ratcliff.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

BY THE COURT:

The Shell Oil Company has petitioned this court for a writ of mandamus to require the district court to vacate its order remanding the lawsuit styled *Ratcliff, et al. v. Shell Oil Company*, to the Louisiana state court. Finding that we have jurisdiction to consider this petition, and that the district court erred in refusing to reconsider its order of remand, we issue the writ.

The underlying suit was filed in April of this year in a Louisiana state court by four citizens of Louisiana against the Shell Oil Company. ("Shell"), a Delaware corporation whose principal place of business is in Texas. In May, Shell removed the lawsuit to the United States District Court for the Middle District of Louisiana. Then in June, the plaintiffs moved for an order to remand the case to the Louisiana state court. Their motion alleged that the claims of the various plaintiffs were separate and independent and that some of the claims were for less than $10,000.00. The plaintiffs claim that they mailed to Shell's counsel a copy of the motion for remand and the notice of a hearing on the motion. Shell's counsel denies ever receiving either document. At the hearing, the district court ruled that Shell had failed to file any opposition to the plaintiff's motion to remand, as was required by that court's Local Rule 5(B)(3). The court presumed that Shell had no opposition to the motion to remand and ordered the case remanded. Four days later, Shell filed the motion to vacate the order of remand, claiming that they had received no notice of the motion or of the hearing. The district court held that it had lost jurisdiction by virtue of the remand order, and denied the motion. Shell then petitioned this court for a writ of mandamus.

The threshold question that confronts us is whether we have jurisdiction to consider this petition. 28 U.S.C. § 1447(d) provides that an order of remand cannot be reviewed by appeal or otherwise, except in civil rights cases, which exception is not relevant here. The Supreme Court, however, has held in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1974), that the ban on reviewability contained in § 1447(d) is not applicable where the trial judge articulated a reason for remanding the case that is not found in § 1447(c). Here, the trial judge did exactly that: he articulated a reason for remand that is not found in § 1447(c), to wit, the failure to oppose the motion to

remand. Consequently, we may, and indeed must, review the order of remand under the rule announced in *Thermtron Products*.

 In ruling on the motion to vacate the order of remand, the district judge acknowledged that the exception to the non-reviewability rule embodied in *Thermtron Products* might be applicable. The court concluded, however, that "an order of remand ends the jurisdiction of the federal court." Thereafter, the court concluded, a federal court is without power to vacate the order of remand even if it be persuaded that the order was erroneous. We believe that the district judge misinterpreted the extent of the exception in *Thermtron Products*. Where that exception applies, an appellate court has jurisdiction to review the remand order, and a district court has jurisdiction to review its own order, and vacate or reinstate that order. Consequently, the district court had jurisdiction to consider the motion to vacate the order of remand, and it had the duty to rule on the merits of that motion. Upon rehearing the motion to vacate the order of remand, as required by this mandate, the district court should determine whether the case was "removed improvidently and without jurisdiction." 28 U.S.C. § 1447(c). *Thermtron Products* holds not only that a remand order based on reasons other than that the case was "removed improvidently and without jurisdiction" is reviewable, but also that such an order is improper. "A case removed under [§ 1446] may be remanded only in accordance with § 1447 . . . ." *Id.* at 341, 96 S.Ct. at 588.

 *Thermtron Products* also indicates that mandamus is the appropriate remedy to require the district court to reconsider the motion to vacate the order of remand. *See id.* at 352, 96 S.Ct. at 593, 46 L.Ed.2d at 553.

For the reasons stated herein, the petition for writ of mandamus is GRANTED.