498 So.2d 777 (1986)
Loise TURNER
v.
REGIONAL TRANSIT AUTHORITY, et al.
No. CA-5229.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1986.
Rehearing Denied December 10, 1986.
*778 John L. Young, Martin E. Regan, Jr., New Orleans, for plaintiff-appellee.
William H. Syll, Jr., Staff Litigation Atty., Terrel J. Broussard, S. Staff Atty., Wayne W. Foley, Staff Atty., New Orleans, for defendant-appellant.
Before REDMANN, C.J., and WARD and WILLIAMS, JJ.
WARD, Judge.
On June 29, 1985 Loise Turner boarded a bus owned by the Regional Transit Authority. Just as the driver pulled the bus away from the curb, she noticed that the traffic light at the intersection was yellow, and she stopped the bus abruptly. Turner, who was not yet seated, was thrown off balance, and her back struck a hand rail, causing soft tissue injuries. Turner filed suit against RTA for damages. The Trial Judge signed an order granting Turner's request for trial by jury. RTA filed a motion to strike the demand for a jury trial, asserting that the suit was against a political subdivision of the State, and therefore, under La.R.S. 13:5105, could not be tried before a jury. After a hearing, the Trial Judge denied RTA's motion to strike without assigning reasons for his decision. RTA's motion was denied eight days before trial.
RTA admitted that it was liable to Turner and the only issue for trial was damages. The jury found damages totaling $42,953.00. The Trial Judge made the jury verdict the judgment of the Court, adding legal interest and all costs including expert witness fees of $750.00. RTA appeals, arguing that the Trial Judge erred in: 1) granting a jury trial and 2) awarding medical expenses for future treatment.
We first consider the contention that the plaintiff was not entitled to a jury trial. La.R.S. 13:5105 reads:

*779 No suit against the state or a state agency or political subdivision shall be tried by jury.
The issue presented is whether RTA is a political subdivision within the meaning of the statute. We find that it is.
The Louisiana Legislature created RTA by Acts 1979, No. 439 Section 1, codified in La.R.S. 48:1651 et seq.:
There is hereby created the Regional Transit Authority ... which shall be a body politic and corporate and a political subdivision of the State of Louisiana....
Our legislature has expressly declared that RTA is a political subdivision of the State. The language of La.R.S. 13:5105 clearly prohibits a jury trial where such an entity is a defendant. Hence, the statute prohibits a trial by jury in the present case, and the Trial Court erred by granting a jury trial.
Although the Trial Court was clearly wrong, when as in this case, there is ample time to apply for writs of review, we will not vacate the judgment and remand for a new trial. RTA declined to pursue the matter after the Trial Court erred in its ruling. If RTA wished to complain, it should have done so prior to trial either by appeal or by an application for writs. Windham v. Security Insurance Co. of Hartford, 337 So.2d 577 (La.App. 4th Cir. 1976). Therefore, we hold that when RTA did not avail itself of the right to seek supervisory writs, it waived its right to complain of the denial of its motion to strike the jury. We cannot allow RTA to try the case to the jury and then after an adverse verdict and judgment, complain it should not have been tried to a jury. If RTA had been satisfied with the jury verdict, presumably it would not have raised the jury trial issue on appeal. RTA simply cannot sit and wait and hope for a favorable jury verdict, knowing that if the verdict is unfavorable, it will have an opportunity to have it nullified on appeal.
Turning to RTA's second contention, we now consider whether the evidence reasonably supports the award for future medical treatment. The judgment awarded $6,953.00 for past and future medical expenses. The past medical expenses incurred by Turner totalled $1,953.50, which amount was not disputed by RTA. However, RTA challenges Turner's right to future medical expenses of $5,000. As to these expenses, Dr. Kewalramani, Turner's treating physician, testified that he anticipated seeing Turner for two to three more months after trial, estimating that her expenses for this treatment would be between $200.00 and $250.00. Dr. Brown, RTA's specialist who examined Turner once, felt that Turner needed no further treatment. Giving more weight to the testimony of the treating physician than to that of the physician who examined Turner only once for purposes of litigation, we find that future medical expenses of $250.00 are reasonable.
Although Dr. Kewalramani also testified that Turner needed to see a psychiatrist for four to five months in order to recover from her depression, we note that Dr. Kewalramani is an expert only in the field of physical medicine and rehabilitation. In the absence of any firm monetary estimate by an expert witness in the field of psychiatry, we find there is no evidence to reasonably support this future medical expense. See Guillory v. Avondale Shipyards, 448 So.2d 1281 (La.1984). Hence, the record supports a judgment for past and future medical expenses of only $2,203.50, it does not support future medical expenses for psychiatric treatment.
In conclusion, Turner's damages consist of $30,000.00 for past and future pain and suffering; $6,000.00 for past lost wages and $2,203.50 for past and future medical expenses.
For the foregoing reasons the judgment of the Trial Court is amended to exclude future medical psychiatric expenses. As amended, it is affirmed, and consequently:
IT IS ORDERED that there be judgment in favor of plaintiff Loise Turner, and against defendant Regional Transit Authority *780 in the sum of $38,203.50 with legal interest from judicial demand until paid.
IT IS FURTHER ORDERED that the expert witness fees of $250.00 for Dr. P. Kewalramani; $250.00 for Dr. G. Gernon Brown, Jr.; and $250.00 for Walter R. Abbott, Jr. be taxed as costs.
IT IS FURTHER ORDERED that all costs in the Trial Court and on appeal be taxed against the defendant Regional Transit Authority.
AFFIRMED AS AMENDED.
WILLIAMS, J., concurs.
WILLIAMS, Judge, concurring.
I respectfully concur.
I believe that this decision should not be construed so that every time a trial court makes a clear error, that error cannot be raised on appeal because the aggrieved party did not apply for writs. To impose such a requirement would place an undue burden on trial attorneys and result in inordinate delays in the judicial process.
REDMANN, Chief Judge, concurring in refusal of rehearing.
To our original opinion I would add that it has already been decided that when a governmental entity does not object in the trial court to jury trial, it is too late to object on appeal. Callahan v. Town of Bunkie, 287 So.2d 629, 636 (La.App. 3 Cir. 1973), appl. not considered 290 So.2d 905, reasons:
"From its failure to object to a trial by jury of the issues involved in this case, we find that the defendant, Town of Bunkie, has waived its right to object to such a jury trial under the authority of LSA-R.S. 13:5104 [now 5105].... To [let the issue be raised on appeal] would be to allow the state or other public body to have `two bites at the apple.'
"The defendant state or other public body could sit back and safely submit to a trial by jury, knowing beforehand that if a judgment were rendered adversely to their position that an ultimate appeal based upon LSA-R.S. 13:5104 would afford them relief. This we will not countenance."
Callahan thus defeats the argument that R.S. 13:5105's prohibition of jury trial renders null any judgment on jury verdict against a governmental entity. All that we add to Callahan is that a governmental entity (like a private litigant as in Windham) can only obtain review of a trial court's refusal to strike jury trial by writ application to an appellate court.