Matthew FEARY

v.

REGIONAL TRANSIT AUTHORITY.

Donald BALANOFF

v.

REGIONAL TRANSIT AUTHORITY.

Civ. A. Nos. 88–0152, 88–2322.

United States District Court,
E.D. Louisiana.

July 13, 1988.

Mitchell Landrieu, Martzell, Thomas & Bickford, New Orleans, La., for plaintiffs.

Nat G. Kiefer, Jr., New Orleans, La., for defendant.

### ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

These consolidated matters came before the Court on July 13, 1988 at a status conference on plaintiffs' motion for continuance [of the trial date of September 1, 1988]. For the following reasons, the Court now dismisses the two matters without prejudice under F.R.Civ.P. 12(b)(6) for failure to state causes of action upon which relief may be granted and thus dismisses the motion as moot.

The Court apparently faces a matter of first impression. Today, this Court decides whether a plaintiff may maintain a diversity action in federal court under Louisiana law against a Louisiana political subdivision that does not enjoy Eleventh Amendment immunity. As explained below, the answer is no. While the instant plaintiffs survived sovereign immunity, they cannot survive its step-child; the sole remedy for these plaintiffs is to be found in a Louisiana state court sitting without a jury.

## I.

These are diversity personal injury cases. Plaintiff Feary is a New Zealand citizen, and plaintiff Balanoff is a Canadian citizen. On December 21, 1987, both were allegedly hit and injured by a streetcar owned and operated by the Regional Transit Authority ("RTA"). Each has sued the RTA for money damages and demanded a jury trial.

Asserting an Eleventh Amendment immunity defense, the RTA has previously moved to dismiss for lack of subject matter jurisdiction. Finding that the RTA is not "an arm of the State of Louisiana" for immunity purposes, the Court denied the motion. 685 F.Supp. 137 (E.D.La.1988). The Court, however, specifically left open two similar, but separate issues:

> The Court does not resolve the separate issue of whether plaintiff is entitled to a jury trial, as demanded. *See* La.Rev. Stat.Ann. § 13:5105 (West Supp.1988); *Turner* [*v. Regional Transit Authority* ], 498 So.2d [777] at 779 [ (La.App. 4th Cir.1986) ]. Nor does the Court resolve the issue of whether plaintiff has stated a cause of action under Louisiana law. *See* La.Rev.Stat.Ann. § 13:5106(A) (West Supp.1988); *Building Engineering Services Co. v. State of Louisiana*, 459 F.Supp. 180, 183 & n. 4 (E.D.La.1978); *cf. United States v. St. Bernard Parish*, 756 F.2d 1116, 1126 (5th Cir.1985) (inquiry of eleventh amendment immunity is distinct from inquiry of whether Louisiana law allows such a suit), *cert. denied*, 474 U.S. 1070, 106 S.Ct. 830[, 88 L.Ed.2d 801] (1986). Both issues are not without difficulty and warrant future briefing.

*Id.* at 142 n. 44.

Upon reviewing the record in preparation for the status conference to be held to discuss the motion for trial continuance, the Court determined that it was in the best interest of justice to resolve these two issues prior to special briefing by counsel. In the likely event that a continuance was warranted, the Court wanted to avoid any selection of new trial dates for the Court's and counsel's calendars if indeed a trial should not be held.

The Court now addresses these two other issues and finds that plaintiffs cannot survive the mandates of La.RSA § 13:5106. Because the law does not require vain and useless things (viz., a federal trial on the merits that would have no adjudicatory effect), the Court now dismisses these two actions before any further trial preparation is undertaken.

## II.

As this Court previously noted, the RTA "may sue and be sued in its corporate name." *Id.* at 141 (citing La.RSA § 48:1656(1)). From this single provision, however, it does not follow that the RTA may sue and be sued just as any private person may be under the general principles of the Civil Code. *See generally* La.Civ. Code art. 24 comment (c) to 1987 revision comments (distinguishing between public and private persons). The sue-and-be-sued clause must be read together with, among other provisions, Part XV of Title 13 of the Louisiana Revised Statutes, La.RSA §§ 13:5101–:5114, which codifies the Louisiana legislature's elaborate attempt at balancing "an individual's claim against the needs of the public interests and the common good of the whole society," *see id.* § 13:5106(E)(3).

Part XV of Title 13 applies, among other suits, "to any suit ... for injury to person ... against ... a political subdivision of the state, as defined herein...." *Id.* § 13:5101. Inasmuch as the RTA is an "authority" within the meaning of § 13:5102(B), the RTA comes within Part XV's definition of a political subdivision. *See also id.* § 48:1654(A) (the RTA "shall be a body politic and corporate and a political subdivision of the state of Louisiana"); *Turner v. Regional Transit Authority*, 498 So.2d 777, 779 (La.App. 4th Cir.1986). Thus, to the extent Louisiana law controls under *Erie*, the provisions of Part XV apply to actions in federal court against the RTA.

Of particular interest is La.RSA § 13:5106(A), which provides the following:

> No suit against the state or a state agency or political subdivision shall be

instituted in any court other than a Louisiana state court.

Reading § 13:5106(A) together with § 48:1654(A), the Court must conclude that no cause of action may be stated under *Louisiana law* against the RTA, unless the RTA is sued in state court.

At first glance, this analysis might appear to vitiate the import of Eleventh Amendment analysis concerning any Louisiana political subdivision and to contradict the Court's earlier holding that sovereign immunity does not apply, since the ultimate result is the same as if the RTA did enjoy Eleventh Amendment immunity—the case can only be heard in state court without a jury. But further inspection shows this first glance to be incomplete. The Fifth Circuit has specifically noted that the Eleventh Amendment inquiry is separate from the inquiry of whether Louisiana law allows such a suit. *United States v. St. Bernard Parish*, 756 F.2d 1116, 1126 (5th Cir.1985), *cert. denied*, 474 U.S. 1070, 106 S.Ct. 830, 88 L.Ed.2d 801 (1986). In other words, a federal court may at times have subject matter jurisdiction over an action, but find that state law provides no remedy for the claim as alleged. Inasmuch as a state, in creating a political subdivision, has the complete power to control whether the subdivision will or will not enjoy any Eleventh Amendment immunity, the state can create a limited "waiver" of immunity by restricting suits against the subdivision to state courts. In creating the RTA with such attributes so that it does not enjoy Eleventh Amendment immunity, Louisiana has created just such a balance.

Nor does this analysis conflict with Fifth Circuit opinions such as *Jacintoport Corp. v. Greater Baton Rouge Port Commission*, 762 F.2d 435 (5th Cir.1985) (no immunity in this admiralty case), *cert. denied*, 474 U.S. 1057, 106 S.Ct. 797, 88 L.Ed.2d 774

(1986), and *Minton v. St. Bernard Parish School Board*, 803 F.2d 129, 131–32 (5th Cir.1986) (school board enjoyed no immunity in this § 1983 case), wherein one might arguably infer the court to have implicitly held that § 13:5106 did not apply to their cases against Louisiana political subdivisions that did not enjoy Eleventh Amendment immunity. Not only does neither Fifth Circuit case purport to address § 13:5106, but also neither concerned causes of action under *Louisiana* law.[1] These cases are distinguished because the Supremacy Clause trumps the applicability of § 13:5106 where a federal cause of action is concerned and federal district courts are given original jurisdiction over such federal question cases; where the Eleventh Amendment does not apply, states do not have the power to dictate where causes of action created by Congress may be heard.

Nor may the Court consider the RTA to have waived its right to have its case tried solely in Louisiana state court.[2] The Louisiana legislature has established specific statutory provisions setting forth the rights and obligations of governmental entities and has given no clearly expressed authority for its attorneys to waive any requirement that suit be limited to state court. *Cf. Freimanis v. Sea–Land Service, Inc.*, 654 F.2d 1155, 1160 (5th Cir. 1981) (same rule for finding no waiver of Eleventh Amendment immunity); *Neuwirth v. Louisiana State Board of Dentistry*, 845 F.2d 553, 556 n. 6 (5th Cir.1988) (same). Thus, the Court need not wait for defense counsel to raise this issue at the final pre-trial conference or at some other, later time.

In sum, the Court holds that plaintiffs may not pursue diversity cases solely under Louisiana state law against the RTA, and other political subdivisions of Louisi-

---

1. In *C.H. Leavell & Co. v. Board of Commissioners of the Port of New Orleans*, 424 F.2d 764 (5th Cir.1970) (holding no immunity), the plaintiff appears to have raised no federal causes of action, but solely a Louisiana state law claim under diversity. That case, however, arose prior to the 1976 enactment of § 13:5106 and the other provisions in Part XV of Title 13.

2. While the RTA did not specifically raise the § 13:5106 argument in its initial motion to dismiss, this Court would be blind not to recognize that the RTA, perhaps unartfully in the context of Eleventh Amendment immunity, was in fact actively opposing its presence in federal court.

ana, inasmuch as Louisiana law restricts plaintiffs to Louisiana state court.[3]

In concluding, the Court notes that plaintiffs are not precluded from pursuing their claims; because their causes of action are governed by Louisiana's one-year statute of limitations for delictual action, *see* La. Civ.Code art. 3492, they have, at the least, until December 1988 to bring any actions in Louisiana state court.

### III.

For the foregoing reasons, the Court directs the Clerk of Court to dismiss each of the two consolidated matters at the respective plaintiff's costs, without prejudice to his right to pursue his claim in Louisiana state court.

---

**3.** While the Court's resolution of this 12(b)(6) issue appears to moot the issue of whether the plaintiffs are entitled to a jury trial in light of La.Rev. § 13:5105, the Court addresses the issue now so that in the event a reviewing authority disagrees with this Court and holds that the 12(b)(6) dismissal is improper, such authority may determine whether plaintiffs have a right to a jury trial in federal court. For the following reasons, plaintiffs would in any event have no right to a jury in federal court.

No federal case has yet to address this issue. *Cf. Turner v. RTA,* 498 So.2d 777 (La. 4th Cir. 1986) (no right to a jury in state court action against the RTA). Applicable, of course, is *Byrd v. Blue Ridge Rural Electric Cooperative, Inc.,* 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958). Three points in the instant case make *Byrd* distinguishable. First, unlike the State scheme in *Byrd* (where the judge was to decide the statutory employer defense under the South Carolina worker's compensation law, but the jury was to decide the remaining issues), the Louisiana scheme for suits against the RTA does not divide the duties of resolving the case to two factfinders, the judge and the jury. *Cf. Fitzgerald v. United States Lines Co.,* 374 U.S. 16, 21, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720 (1963) ("Only one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim"). Second, the Louisiana statute is explicit that the judge alone is to try the entire case, whereas there was no statute in *Byrd* that the judge was to decide the single defense, nor is it mere conjecture that the Louisiana legislature was intentionally making such a balancing, for § 13:5106(E) specifically sets outs the policies in having judges alone to determine the amount of damages in personal injury cases against a political subdivision; in other words, Louisiana appears to state that the jury-less trial procedure is an issue of substantive Louisiana state law. Third, and perhaps most important, unlike the negligence action against the private employer in *Byrd,* the instant action against a political subdivision would not have traditionally been "an action at law" inasmuch as the State had to create the RTA and the specific authority for the RTA to be sued.