LOBRANO, Judge.
George J. Row, a railroad worker employed by the City of New Orleans, filed suit against the City through the Public Belt Railroad Commission for the City of New Orleans (PBRRC) pursuant to the provisions of the Federal Employers’ Liability Act, 45 U.S.C., Section 51 et seq. (FELA) for alleged injuries he sustained during the course of his employment with the PBRRC.
PROCEDURAL HISTORY:
Row filed suit on October 11, 1985 in Civil District Court for the Parish of Orleans. In his petition, he requested trial by jury. The PBRRC filed its answer on November 22, 1985. They also filed a motion to set aside the request for jury trial citing La.R.S. 13:5105 which prohibits trial by jury in suits against a political subdivision of the state.
On March 13, 1986, the trial court granted the PBRRC’s motions and set aside its order granting Row’s trial by jury. Row did not appeal that judgment or apply for supervisory writs. Instead, on March 21, 1986, he filed a motion to dismiss the suit without prejudice indicating that he intended to refile the suit in federal court. The PBRRC opposed Row’s motion on the grounds that the issues had been joined by its answer; that the PBRRC had a legitimate interest in having the case tried without a jury in the forum chosen by Row; that discovery had begun, and that Row was attempting to forum shop.
On May 16, 1986, Row’s motion to dismiss was denied. He did not appeal this judgment, nor did he apply for supervisory writs. The case proceeded to trial on November 23, and 24, 1987. At the commencement of the trial, Row reurged his motion for a jury trial which the trial court denied. Row did not seek an appeal or supervisory writs from this ruling but chose to proceed with the trial. After hearing the evidence and arguments of counsel, the trial court rendered judgment in favor of the PBRRC on December 8, 1987 dismissing Row’s suit.
Row appeals from the judgment of December 8, 1987 asserting:
1) The trial court erred by denying Row a trial by jury and;
2) The district court abused its discretion by denying Row’s motion to dismiss without prejudice.
The PBRRC asserts that Row’s appeal on both issues is untimely and should be dismissed. We agree.
An interlocutory judgment which may cause irreparable injury is an appealable judgment. C.C.P. Article 2083. If a trial court judgment is reversed on other grounds and the record reflects that a demand for a jury trial has been erroneously granted or denied, the reviewing court is authorized to correct, as an interlocutory order, the erroneous disposition of the demand for jury trial. See, C.C.P. Art. 2164; Carville v. City of Plaquemine, 303 So.2d 289 (La.App. 1st Cir.1973). However, when an appeal or application for writs was not timely taken, the disposition of the demand for a jury trial need not be considered by the reviewing court when the appellant asserts no error as to the judgment on the merits which would otherwise warrant re *909 versal of the judgment. C. C.P. Art. 2085; See; American Bank and Trust Co. v. Til, 340 So.2d 636 (La.App. 2nd Cir.1976), writ den. 342 So.2d 1111 (La.1977).
A party who neither timely appeals nor seeks supervisory writs as to the ruling below on a demand for a jury trial will not be allowed to raise as error that ruling as the sole grounds for reversing the final judgment on the merits. Turner v. Regional Transit Authority, 498 So.2d 777 (La.App. 4th Cir.1986); Windham v. Security Insurance Co. of Hartford, 337 So.2d 577 (La.App. 4th Cir.1976); American Bank and Trust Co. v. Til, supra.
Row failed to take an interlocutory appeal or apply for supervisory writs. Any error as to the ruling on the demand for a jury trial comes too late and presents nothing for review. Row does not contend that there is error in the trial court’s judgment on the merits. Thus, the issue of trial by jury is not reviewable. Row has waived his right to raise this issue.
Similarly, Row’s appeal of the denial of his Motion to Dismiss Without Prejudice also comes too late. Row’s motion to dismiss was related to his motion for a jury trial. Just as he should have appealed or sought writs following the denial of his demand for a jury trial, he should have appealed or sought writs following the denial of his motion to dismiss. By failing to do so Row acquiesced in the judgment and waived any right to assert on appeal any error in the trial court’s refusal to grant the dismissal. C. C.P. Art. 2085; Brannon v. Brannon, 362 So.2d 1164 (La.App. 2nd Cir.1978).
Even assuming arguendo that Row had not waived his right to appeal this issue, we find no abuse of discretion on the part of the trial court in denying the motion to dismiss.
La.Code of Civil Procedure Article 1671 provides:
“A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal, except with prejudice.” (emphasis added)
Although the trial court is given great latitude in deciding such discretionary matters, this discretion is not unbridled. The trial court cannot dismiss a suit without prejudice which would deprive a defendant of a just defense. See; City National Bank v. Anlage, 448 So.2d 199 (La.App. 1st Cir.1984); Rourke v. Coursey, 338 So.2d 1197 (La.App. 3rd Cir.1976); Betz v. Hearin Truck Lines, 75 So.2d 356 (La.App. 1st Cir.1954).
Row chose state court as the forum in which he wished to pursue his claim. The PBRRC expended considerable time and expense defending against Row’s claim for a jury trial. The PBRRC acquired a right to have the action tried in the state court forum chosen by Row. To have ruled otherwise would have been an abuse of discretion allowing Row to forum shop in order to escape an unfavorably procedural ruling. Article 1671 prevents such an abuse.
For the foregoing reasons, we hold that the interlocutory judgments which denied Row’s demand for jury trial, and his motion to dismiss without prejudice, are not ap-pealable. We therefore dismiss this appeal at Row’s costs. See, La. C. C.P. Art. 2162.
APPEAL DISMISSED.