**In re ALLIED–SIGNAL, INC. and Allied Corporation, Petitioners.**

**No. 90–4695.**

United States Court of Appeals, Fifth Circuit.

Nov. 30, 1990.

Before JOLLY, HIGGINBOTHAM and JONES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Allied–Signal, Inc. and Allied Corporation have petitioned this court for a writ of mandamus to require the district court to vacate its order remanding the lawsuit styled *Lake Charles Harbor & Terminal District v. Allied–Signal, Inc. and Allied Corporation,* to the Louisiana state court. The underlying issue in this case is one of first impression in this Circuit. It posits whether a political subdivision, which pursuant to state statute may be only sued in the state courts of Louisiana,[1] and which, we assume, does not enjoy Eleventh Amendment immunity, may be sued in federal district court under diversity of citizenship jurisdiction. Finding that we have jurisdiction to consider this petition, we conclude that the district court erred in remanding this case, and we issue the writ.

I

The facts are uncontested. This suit was filed on February 13, 1990, by the Lake Charles Harbor & Terminal District (hereinafter "Lake Charles") in the Fourteenth Judicial District of Calcasieu Parish, Louisiana. The complaint alleged a claim under Louisiana contract law and sought damages against Allied–Signal, Inc. and Allied Corporation (hereinafter "Allied") for failure to pay Lake Charles for handling and storing a creosote product.

On March 7, 1990, Allied, which is incorporated in the State of Delaware and has its principal place of business in New Jersey, removed the case pursuant to 28 U.S.C. § 1332. Once removed, Allied filed a counterclaim for damages against Lake Charles, alleging that Lake Charles had damaged and caused the deterioration of the creosote being stored and handled.

Claude F. Reynaud, Jr. and Jude C. Bursavich, Breazeale, Sachse & Wilson, Baton Rouge, La., for petitioners.

Michael Kenneth Dees, McHale, Bufkin & Dees, Lake Charles, La., for Lake Charles.

1. La.R.S. 13:5106(A) provides "No suit against a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."

Lake Charles sought remand. In its motion, it did not contest complete diversity of the parties, nor did the motion contest the amount in controversy. The sole basis stated in the motion for remand was that Lake Charles, as a political subdivision of Louisiana, had limited Eleventh Amendment immunity from suit in federal court, pursuant to La.R.S. 13:5106(A).

On September 10, 1990, without oral argument, the district court, by memorandum ruling, remanded the suit. It held:

> [a]s distinguished from determining whether the Eleventh Amendment would bar *any* suit against the District, this Court must conclude that, pursuant to 13:5106, no cause of action may be stated *under Louisiana law* against the Lake Charles Harbor and Terminal District unless the District is sued in State Court. This Court further finds that the District has not waived its right to have its case tried solely in Louisiana State Court. Accordingly, the Lake Charles Harbor and Terminal District's Motion to Remand is granted. (emphasis in original)

Petitioners seek reversal of the district court ruling.

## II

As in all petitions for writ of mandamus seeking to reverse a district court's remand, the threshold question that confronts us is whether we have jurisdiction to consider this petition. Lake Charles makes two arguments to support its position that we do not have jurisdiction. First, Lake Charles claims that remand orders generally are not reviewable, and that this order specifically is not reviewable. Second, Lake Charles argues that even if the remand order were a reviewable type, the federal courts lost all jurisdiction over the case when it was remanded and became lodged in the state court once again.

## A

■ Our jurisdiction to hear appeals from remand orders is set out in *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). As we noted in *In re Merrimack Mut. Fire Ins. Co.,* 587 F.2d 642, 644–45 (5th Cir.1978), *Thermtron* sets forth three holdings. First, that § 1447(c),[2] "which provides for remand on the ground that 'the case was removed improvidently and without jurisdiction,' states the *exclusive* grounds for remand." *Id.* at 644 (emphasis in original) (quoting *Thermtron,* 423 U.S. at 344–45 & n. 9, 96 S.Ct. at 589–90, 46 L.Ed.2d at 550). Second, that § 1447(d)[3] only bars review of remand orders based on the grounds permitted by § 1447(c), and does not " 'extinguish the power of an appellate court to correct a district court that has not merely erred in applying the requisite provision for remand but has remanded a case on grounds not specified in the statute and not touching on the propriety of the removal.' " *Id.* (quoting *Thermtron,* 423 U.S. at 352, 96 S.Ct. at 593, 46 L.Ed.2d at 554). Finally, the Supreme Court held that a "writ of mandamus was an appropriate means by which to require a district court to hear an erroneously remanded action." *Id.* at 645. In sum, the *Thermtron* "exception" provides that when a district court enters a remand order on grounds not found in § 1447(c), issuance of a writ of mandamus by an appellate court is an appropriate remedy. *Id. See In re Shell Oil Co.,* 631 F.2d 1156, 1157 (5th Cir.1980).

■ Lake Charles argues that the district court's rationale in remanding the case was that a state can create a limited "waiver" of its common law immunity by restricting suits against its political subdivisions which do not enjoy Eleventh Amendment immunity to state courts so long as federal question jurisdiction is not at issue. This rationale, Lake Charles argues, is a jurisdictional basis for remand,

---

**2.** 28 U.S.C. § 1447(c) provides, in pertinent part, that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case."

**3.** 28 U.S.C. § 1447(d) provides, in pertinent part, that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise ..."

which falls under § 1447(c), and therefore outside the scope of the *Thermtron* exception. We agree that if the basis for the district court's remand was lack of jurisdiction under § 1447(c), the remand would not be subject to review by this court, even if the decision was clearly erroneous. *Volvo Corp. of America v. Schwarzer*, 429 U.S. 1331, 97 S.Ct. 284, 50 L.Ed.2d 273 (1976). However, we do not agree with Lake Charles's interpretation of the district court's rationale in remanding this case.

■■■ Allied's ground for removing this case to federal court was diversity jurisdiction under 28 U.S.C. § 1332. The district court, however, did not remand this case on the basis that it had been improvidently removed, or that it lacked subject matter jurisdiction over the case. In fact, lack of subject matter jurisdiction was not raised in the court's memorandum ruling, nor was § 1447(c) mentioned by the district court. To the contrary, the district court expressly stated the following basis as its justification for remand: "As *distinguished* from determining whether the Eleventh Amendment would bar *any* suit against the District, this Court must conclude that, pursuant to 13:5106, *no cause of action may be stated . . . ."* (emphasis in original and emphasis added) Thus, the rationale of the district court was not "that the case was removed improvidently and without jurisdiction" (*see* § 1447(c)), but that La.R.S. 13:5106(A) barred a cause of action under Louisiana law in federal diversity actions.[4] We conclude that the district court expressly and affirmatively based its decision to remand on 13:5106(A), not § 1447(c). This

---

4. We note that it appears that the district court attempted to follow the reasoning of the Eastern District of Louisiana in *Feary v. Regional Transit Authority* (hereinafter "*Feary I*"), 685 F.Supp. 137 (E.D.La.1988), dismissed *Feary v. Regional Transit Authority* (hereinafter "*Feary II*"), 688 F.Supp. 1108 (E.D.La.1988). In *Feary I*, the defendant moved to dismiss the matter for lack of subject matter jurisdiction on the grounds of Eleventh Amendment immunity. Finding the defendant political subdivision not to be an "arm of the state," and thus not protected by the Eleventh Amendment, the district court held that federal jurisdiction was proper and denied the motion. 685 F.Supp. at 142. Then, in *Feary II*, the court dismissed the action under F.R. Civ.P. 12(b)(6) based on La.R.S. 13:5106. 688 F.Supp. at 1110–11. The *Feary II* court held that, notwithstanding the absence of Eleventh Amendment immunity, plaintiffs may not pursue diversity cases solely under Louisiana state law against the Regional Transit Authority, and other political subdivisions of Louisiana, inasmuch as Louisiana law restricts plaintiffs to Louisiana state court bringing suit against a Louisiana political subdivision in federal court. *Id.*

We think *Feary II* was incorrectly decided. *Feary II* confuses Eleventh Amendment immunity and the *Erie* doctrine's direction that plaintiffs in federal courts sitting in diversity jurisdiction must look to state substantive law for their remedy. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Basic Eleventh Amendment immunity, of course, arises under federal law and provides immunity from suit in federal court to states and certain political subdivisions that qualify as "arms of the state." *Lake Country Estates Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 99 S.Ct.

1171, 59 L.Ed.2d 401 (1979). However, it is important to note that a state can create a limited waiver of this immunity by consenting to be sued in its own state courts without waiving its Eleventh Amendment immunity from suit in federal courts. *Port Authority Trans–Hudson Corp. v. Feeney*, —— U.S. ——, 110 S.Ct. 1868, 1872, 109 L.Ed.2d 264 (1990). In other words, a state may waive its common law sovereign immunity under state law, without waiving its Eleventh Amendment immunity under federal law. These two concepts of immunity should not be confused. Each ultimately rests upon separate, albeit related, footing—common law sovereign immunity is determined by state law and Eleventh Amendment immunity is determined under federal standards. *See Wright & Miller, Federal Practice and Procedure*, § 3524 at pp. 213–14. Consequently, political subdivisions that have waived common law immunity, but that do not enjoy Eleventh Amendment immunity under federal law, can be sued in federal courts under diversity jurisdiction without regard to state statutory provisions to the contrary. *See Chicot County v. Sherwood*, 148 U.S. 529, 533–34, 13 S.Ct. 695, 697–98, 37 L.Ed. 546 (1893); *Duchek v. Jacobi*, 646 F.2d 415 (9th Cir.1981); *Markham v. New Port News*, 292 F.2d 711 (4th Cir.1961). *See also Wright & Miller, supra* at § 3524. We thus conclude that the *Feary II* court erred in holding that the federal court may have its remedial power specifically barred by state statute where it otherwise enjoys its full powers under diversity jurisdiction. The district court in the instant case, like the court in *Feary II*, viewed La.R.S. 13:5106(A) as eliminating all substantive causes of action available against political subdivisions in the federal courts. The district court's error, therefore, was in confusing jurisdictional issues and substantive issues.

ruling, therefore, places the remand order squarely under the *Thermtron* exception.

### B

 Lake Charles further argues that a writ of mandamus cannot be granted by this court because once a federal court remands a case, the federal court is divested of all jurisdiction and is powerless to take any further action in the case. Lake Charles cites two cases to support its position: *Seedman v. United States Dist. Court of Cent. Dist. of California,* 837 F.2d 413 (9th Cir.1988), and *Federal Deposit Ins. Corp. v. Santiago Plaza,* 598 F.2d 634 (1st Cir.1979). Both of these cases are inapposite. They were remanded based upon § 1447(c), and, as noted above, the instant case was not.

In *Seedman,* the case was removed from a California state court. The district court *sua sponte* remanded the case under § 1447(c) on the grounds that it lacked jurisdiction because the removal was untimely. One month later, and after the order had been certified to the state court, the defendants filed a second removal petition arguing that the earlier remand order was erroneous. The district court agreed, vacated its remand order, and upheld removal. On appeal, the Ninth Circuit concluded that if the remand order is based on grounds provided in section 1447(c), a district court has no power to correct or to vacate its remand order, even if erroneously decided, because the *Thermtron* exception is not applicable. 837 F.2d at 414. Similarly, we view *Santiago Plaza* as holding that once a court remands a case under § 1447(c), § 1447(d) precludes any review of the remand order, either by the district or appellate court.

Irrespective of Lake Charles's contention (which seems to ignore that remand in these cases was based on § 1447(c) grounds, unlike the case before us) that these cases argue against our jurisdiction, we can be sure that they did not overrule

the United States Supreme Court. *Thermtron* unequivocally held that appellate courts are empowered, via writ of mandamus, to correct a district court's remand order and require it to entertain an action when it has been expressly and incorrectly remanded on non-§ 1447(c) grounds. 423 U.S. at 352–53, 96 S.Ct. at 593. The cases cited by Lake Charles are therefore no impediment to our asserting jurisdiction over this case. We thus conclude that we do have appellate jurisdiction over this petition and, because the district court remanded on non-§ 1447(c) grounds, a writ of mandamus is required.

### III

For the reasons stated herein,[5] the petition for writ of mandamus is GRANTED and the remand order is REVERSED.

---

5. We should observe that the district court's remand order did not address Eleventh Amendment immunity, and it is unclear whether that issue was presented to the district court. This opinion does not preclude the district court from addressing this issue upon its further consideration of this case.