932 F.2d 1523
 In re SHELL OIL COMPANY, Castle & Cooke, Inc., Dole Fresh
Fruit Company, Standard Fruit Company, Standard
Fruit & Steamship Company, and Dow
Chemical Company, Petitioners.
 No. 91-2044.
 United States Court of Appeals,
Fifth Circuit.
 May 28, 1991.
Rehearing and Rehearing En Banc Denied
July 29, 1991.
 
 Tobi A. Tabor and James P. Cooney, Royston, Rayzor, Vickery & Williams, Houston, Tex., for Castle, Dole, Standard Fruit Co. and Standard F & S Co.
 R. Burton Ballanfant, Atty., Shell Oil Co. and Jose Berlango, Hirsch, Glover, Robinson & Sheiness, Houston, Tex., for Shell Oil Co.
 Charles S. Siegel, Baron & Budd, Dallas, Tex., for appellee.
 Michael Samford and F. Walter Conrad, Baker & Botts, Houston, Tex., for Dow.
 On Petition for Writ of Mandamus to the United States District Court for the Southern District of Texas.
 Before POLITZ, DAVIS, and BARKSDALE, Circuit Judges.
 BARKSDALE, Circuit Judge:
 
 
 1
 The petitioners, defendants in state court lawsuits consolidated after removal to the district court, seek a writ of mandamus concerning the district court granting the plaintiffs' remand motion. We GRANT the petition and VACATE the remand order.
 
 I.
 
 2
 In a companion case, In re Shell Oil Co., et al., 932 F.2d 1518, discussed infra, we reviewed a similar remand order under the 1988 amendments to one of the removal statutes, 28 U.S.C. Sec. 1447, and held that the plaintiffs had waived their objection to the removal by failing to file a motion for remand within 30 days of removal. There, as here, the 28 U.S.C. Sec. 1441(b) bar to removal concerning a forum defendant is involved.
 
 
 3
 Between August 1988 and June 1989, the plaintiffs, 171 Costa Rican nationals, filed six separate lawsuits in Texas state court against Shell and others, alleging that a chemical manufactured and used by the defendants in Costa Rican banana plantations rendered them sterile. For diversity jurisdiction purposes, Shell is a citizen of Delaware (state of incorporation), and Texas (principal place of business). 28 U.S.C. Sec. 1332(c)(1).
 
 
 4
 On various dates between September 30, 1988, and August 3, 1989, the defendants timely removed the six cases to federal court on the basis of diversity jurisdiction, including alleging fraudulent joinder of Shell. Such joinder was charged in order to avoid Sec. 1441(b)'s prohibition against removal if a defendant is a citizen of the forum state.[1] On January 9, 1990, the district court consolidated the cases. On May 3, 1990, the plaintiffs filed a motion to remand, arguing that the cases were removed in violation of Sec. 1441(b), on the ground that Shell was not fraudulently joined. On May 27, 1990, the defendants filed a response to the motion. The district court granted the motion to remand on June 26, 1990, holding that the defendants had not proved that Shell was fraudulently joined, and that the case was, therefore, improperly removed.
 
 
 5
 On July 6, 1990, the defendants filed a motion for reconsideration and to vacate the remand order; and supplements to the motion were filed on July 11, 17, and 31, September 28, and November 30, 1990. In the November 30 supplement, the defendants argued, for the first time, that the remand motion was untimely, pursuant to 28 U.S.C. Sec. 1447(c), because it was filed more than 30 days after removal. The district court denied the motion for reconsideration on December 14, 1990. On January 18, 1991, the defendants filed the petition for writ of mandamus, seeking reversal of the remand order and the order denying their motion for reconsideration. By order entered January 24, 1991, we stayed the remand order, pending ruling on the petition.
 
 II.
 A.
 
 6
 We must first determine whether we have jurisdiction to review the remand order. Our authority to review that order is limited by 28 U.S.C. Sec. 1447(d), which provides in pertinent part that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."[2] However, in Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), the Supreme Court held that Sec. 1447(d)'s bar on reviewability is not applicable where the district court remands a case on grounds other than those authorized by Sec. 1447(c). At the time Thermtron was decided, Sec. 1447(c) provided for remand if "the case was removed improvidently and without jurisdiction." Section 1447(c) was amended after Thermtron was decided, and now provides:
 
 
 7
 A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.
 
 
 8
 The district court remanded the cases because it concluded that Shell was not fraudulently joined and, therefore, removal was improper under Sec. 1441(b). Although Shell is a citizen of the forum state, Texas, the district court had subject matter jurisdiction, because complete diversity existed between the parties. See Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).
 
 
 9
 In the companion case, In re Shell Oil Co., et al., 932 F.2d 1518, we held that, although a remand order based upon Sec. 1441(b) may have been unreviewable under former Sec. 1447(c) if it concerned an "improvident removal," such an order, if based on an untimely motion to remand, is reviewable under amended Sec. 1447(c), which deleted the reference to "improvident removal," and now provides for remand "for lack of subject matter jurisdiction."[3] In the companion case, we held that Sec. 1447(d) did not bar review of the remand order in that case, which was based on Sec. 1441(b) and an untimely motion to remand.[4]
 
 
 10
 Our holding in that case does not fully resolve the reviewability issue here, however, because, prior to the amendment of Sec. 1447(c), four of the six consolidated cases were filed and three were removed to federal court. Our authority to review the remand orders with respect to the cases pending prior to the amendment therefore depends upon whether Sec. 1447(c), as amended, is applicable to such cases.
 
 
 11
 The Judicial Improvements and Access to Justice Act, Pub.L. No. 100-702, Title X, Sec. 1016(b), 102 Stat. 4670 (Nov. 19, 1988), does not provide an effective date for the amendment to Sec. 1447(c). We join the other courts that have considered the effective date and hold that it took effect on November 19, 1988, the day the President signed the bill. See Leidolf by Warshafsky v. Eli Lilly & Co., 728 F.Supp. 1383, 1387 (E.D.Wis.1990) and cases cited therein; see also Siegel, Commentary on 1988 Revision, 28 U.S.C.A. Sec. 1447, at 55 (West Cum.Supp.1991). Amendments to procedural legislation are applicable to pending litigation "absent some contrary indications by Congress and absent any procedural prejudice to either party." Denver & Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainmen, 387 U.S. 556, 563, 87 S.Ct. 1746, 1750, 18 L.Ed.2d 954 (1967).
 
 
 12
 In applying this two-part test, we note that the legislative history for the amendment to Sec. 1447(c) reveals no indication that "improvident removal" should continue to serve as a basis for remand in cases pending at the time of the amendment. To the contrary, the Section-by-Section Analysis contained in H.R.Rep. No. 889, 100th Cong., 2d Sess. 72 (1988), reprinted in U.S.Code Cong. & Admin.News 1988, at 5982, 6033, supports application of the amendment to pending cases:
 
 
 13
 [Former] [s]ection 1447(c) ... appears to require remand to state court if at any time before final judgment it appears that the removal was improvident. So long as the defect in removal procedure does not involve a lack of federal subject matter jurisdiction, there is no reason why either State or Federal courts, or the parties, should be subject to the burdens of shuffling a case between two courts that each have subject matter jurisdiction. There is also some risk that a party who is aware of a defect in removal procedure may hold the defect in reserve as a means for forum shopping if the litigation should take an unfavorable turn. The amendment provides a period of 30 days within which remand must be sought on any ground other than lack of subject matter jurisdiction.
 
 
 14
 And, concerning the second prong of the test, we note that the plaintiffs did not move for remand until May 3, 1990, long after the effective date of the amendment. Neither party has argued that application of Sec. 1447(c), as amended, will result in prejudice;[5] and we can perceive none. We therefore conclude that it is appropriate to apply Sec. 1447(c), as amended, in determining our authority to review the remand order. But cf. Fowler v. Safeco Ins. Co. of America, 915 F.2d 616, 617 n. 2 (11th Cir.1990) (applying former version of Sec. 1447 to action initiated prior to 1988 amendments).
 
 B.
 
 15
 We next consider the correctness of the district court's remand order. As in the companion case, the order was based on improper removal under Sec. 1441(b). In that case, we held that the presence of forum defendants in violation of Sec. 1441(b) is a "defect in removal procedure" within the meaning of the first sentence of Sec. 1447(c), thus making the 30-day time limit for remand motions applicable.[6] Because the plaintiffs in that case did not move for remand within the 30-day period, we held that they had waived their objection to the improper removal.
 
 
 16
 The defendants argue here, as they did in the companion case, that the plaintiffs waived their objections to removal by failing to comply with Sec. 1447(c)'s 30-day limit. This case, however, involves several factors that were not present in that case: (1) three of the consolidated cases were removed before, and three after, the effective date of the 1988 amendments; (2) the defendants did not bring the 30-day limit to the attention of the district court until they filed their third supplement to their motion for reconsideration; and (3) the plaintiffs allege that all parties had agreed that a motion for remand would not have to be filed until the Texas Supreme Court rendered a final decision in another case involving the applicability of the doctrine of forum non conveniens in Texas state courts.
 
 1.
 
 17
 We first consider whether the 30-day rule is applicable to all six cases. The former version of Sec. 1447(c), in effect at the time the first three cases were removed, contained no time limit for filing remand motions.[7]
 
 
 18
 As discussed in part A. above, neither the statute nor the legislative history contain any indication that the 30-day rule should not apply to pending cases; and the plaintiffs have not shown any procedural prejudice that would result from application of the 30-day rule to the three cases removed prior to November 19, 1988. The plaintiffs argue, however, that the 30-day rule does not bar a remand motion filed more than 30 days after removal, if that motion is based on Sec. 1441(b). Their argument is foreclosed by our holding in the companion case.
 
 
 19
 In light of Congress' intent that parties aware of removal defects, such as the one present in this case, not hold them in reserve as a means of forum shopping,[8] we conclude that it is appropriate to apply the 30-day rule to all six of the consolidated cases. Therefore, the motion to remand was untimely.
 
 2.
 
 20
 The plaintiffs contend that, once the remand order was entered and mailed to the state courts, the district court was without authority to reconsider its remand order, and that the petition for writ of mandamus, filed seven months after the remand order, was therefore untimely. They further contend that the defendants waived their 30-day rule argument by failing to bring it to the attention of the district court until their third supplement to their motion for reconsideration, filed over five months after the remand order was entered.(a)
 
 
 21
 Although this court has stated that "[t]he federal court is completely divested of jurisdiction once it mails a certified copy of the [remand] order to the clerk of the state court," Browning v. Navarro, 743 F.2d 1069, 1078 (5th Cir.1984), that case involved a non-reviewable remand order. The other case cited by the plaintiffs, New Orleans Public Service, Inc. v. Majoue, 802 F.2d 166 (5th Cir.1986), also involved a non-reviewable remand order based upon a lack of subject matter jurisdiction. It is clear that, where an exception to non-reviewability exists, "an appellate court has jurisdiction to review the remand order, and a district court has jurisdiction to review its own order, and vacate or reinstate that order." In re Shell Oil Co., 631 F.2d 1156 (5th Cir.1980); see also In re Allied-Signal, Inc., 919 F.2d 277, 281 (5th Cir.1990).
 
 
 22
 Because the remand order was based on a defect in removal procedure, and not a lack of subject matter jurisdiction, an exception to non-reviewability existed. The district court, therefore, had authority to reconsider its remand order. It did not deny the defendants' motion for reconsideration until December 14, 1990; and the timeliness of the petition for writ of mandamus must be measured from that date, and not, as the plaintiffs contend, from the date of the remand order. The petition for writ of mandamus, filed on January 18, 1991, was not untimely.
 
 
 23
 (b)
 
 
 24
 The plaintiffs argue next that the defendants waived their objection to the timeliness of the remand motion by failing to raise that objection until their third supplement to the motion for reconsideration. See Student A. v. Metcho, 710 F.Supp. 267 (N.D.Cal.1989) (although plaintiff's motion for remand was filed more than 30 days after removal, defendant waived objection to untimeliness by failing to raise objection). Under the circumstances of this case, we decline to hold that they did so. Although the defendants did not assert the 30-day rule until five months after the remand order, they nevertheless gave the district court an opportunity to consider their argument prior to its decision on the motion for reconsideration. Furthermore, there is no indication that either the district court's remand order, or its denial of the motion for reconsideration, were based on the defendants' failure to raise the 30-day rule in a more timely manner. In addition, Congress' clear intent to avoid the burdens of shuffling a case between two courts that each have subject matter jurisdiction, and to discourage holding defects in removal procedure in reserve as a means for forum shopping, would not be advanced by accepting the waiver argument. We therefore conclude that the defendants did not waive their objection to the timeliness of the plaintiffs' motion for remand.
 
 3.
 
 25
 Finally, the plaintiffs argue that the defendants are, in effect, estopped from objecting to the untimeliness of their remand motion, because, during the entire period before it was filed, all parties had agreed that it should not be filed until after the Texas Supreme Court decided whether Texas would recognize the doctrine of forum non conveniens in Dow Chemical Co. v. Alfaro, 786 S.W.2d 674 (Tex.1990), cert. denied, --- U.S. ----, 111 S.Ct. 671, 112 L.Ed.2d 663 (1991). Alfaro was decided on March 28, 1990, and rehearing denied on May 2, 1990; the motion for remand was filed on May 3, 1990.
 
 
 26
 The plaintiffs' argument is unpersuasive. Even if we assume that such an agreement existed, it does not excuse the plaintiffs' delay in filing the motion for remand. The Texas Supreme Court's resolution of the forum non conveniens issue in Alfaro could not possibly have any effect upon the district court's resolution of whether Shell was fraudulently joined. In fact, it is likely that the plaintiffs would not have moved for remand if the Texas Supreme Court had recognized the doctrine of forum non conveniens. As we have already noted, the plaintiffs' delay in seeking remand was apparently motivated by forum shopping concerns, something that Congress clearly intended to discourage through its amendments to Sec. 1447(c). If, based upon such concerns, parties are allowed to circumvent the 30-day limit for filing remand motions through agreements such as the one alleged by the plaintiffs, Congress' intent to discourage forum shopping and to avoid shuffling cases between two courts that each have subject matter jurisdiction cannot be achieved.[9]
 
 III.
 
 27
 Accordingly, we hold that, because the plaintiffs' motion for remand was untimely, the district court had no discretion to remand on the basis of improper removal under Sec. 1441(b) and, therefore, erred in remanding the cases.[10] Therefore, the petition for writ of mandamus is GRANTED, and the district court's remand order and order denying the defendants' motion for reconsideration are VACATED.
 
 
 
 [1]
 28 U.S.C. Sec. 1441(b) states:
 Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
 (Emphasis added.)
 
 
 [2]
 In an exception not applicable here, Sec. 1447(d) permits review of orders remanding cases removed pursuant to 28 U.S.C. Sec. 1443
 
 
 [3]
 As discussed infra, Sec. 1447(c)'s amendment includes a 30-day period for seeking remand
 
 
 [4]
 Here, as in the companion case, we limit our holding to cases in which the remand motions were not timely, and in which the remand orders were not based on lack of subject matter jurisdiction. In the companion case (note 5), we stated:
 Under new Sec. 1447(c), remand orders based on lack of subject matter jurisdiction are clearly unreviewable. Arguably, remands based on timely motions to remand for a "defect in removal procedure" may also be unreviewable under the new statute. However, because the remand motion in this case was untimely, we need not decide whether remands based on timely motions would be unreviewable.
 
 
 [5]
 In fact, the plaintiffs cite authority to support application of the amended version of Sec. 1447(c) to pending cases
 
 
 [6]
 As amended, Sec. 1447(c) requires that motions for remand must be made within 30 days of removal, except in cases in which the court lacks subject matter jurisdiction. The first sentence states: "A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)."
 
 
 [7]
 However, it was well established that a plaintiff could waive objections to removal on any grounds other than a lack of subject matter jurisdiction by failing to assert such objections prior to engaging in affirmative conduct in federal court. See, e.g., Johnson v. Odeco Oil & Gas Co., 864 F.2d 40, 42 (5th Cir.1989)
 
 
 [8]
 As discussed infra, it appears that the plaintiffs' delay in seeking remand was motivated by forum shopping concerns. According to the plaintiffs, the parties agreed that remand would not be sought until the Texas Supreme Court decided whether Texas would recognize the doctrine of forum non conveniens, in the case of Dow Chemical Co. v. Alfaro, 786 S.W.2d 674 (Tex.1990), cert. denied, --- U.S. ----, 111 S.Ct. 671, 112 L.Ed.2d 663 (1991). According to the plaintiffs, the parties wished to "avoid the considerable effort and expense involved in briefing" the issue of whether Shell was fraudulently joined. Apparently that effort would not have been undertaken had the Texas court recognized the doctrine of forum non conveniens
 
 
 [9]
 Congress' desire that remand be handled expeditiously is reflected in the plain language of Sec. 1447(c): the motion to remand "must be made within thirty days after [removal]." (Emphasis added.) To meet this Congressional directive, there must, at a minimum, be an express agreement between the parties, approved by the district court, to waive the 30 day period for remand
 
 
 [10]
 Our resolution of this issue makes it unnecessary for us to address the defendants' argument that the district court erroneously applied the standard applicable to fraudulent joinder determinations