**Vernon SHORTY, et al.**

v.

**TOP RANK OF LOUISIANA, INC., et al.**

**Civ. A. No. 94–3875.**

United States District Court,
E.D. Louisiana.

Feb. 10, 1995.

---

William Christian Gambel, Robert Timothy Lorio, Milling, Benson, et al., New Orleans, LA, for plaintiffs.

Donald Lynn Foret, Pendergast & Foret, New Orleans, LA, for defendants.

## ORDER AND REASONS

MENTZ, District Judge.

This is a suit for declaratory relief and damages arising from the plaintiffs' investment in a proposal to purchase and relocate the Minnesota Timberwolves franchise in New Orleans, Louisiana. The plaintiffs seek relief based on Louisiana law and the federal Securities Exchange Act of 1934 and the Securities Act of 1933. All defendants, except The Louisiana Stadium and Exposition District (LSED), joined in removal of the suit to federal court. The defendants removed pursuant to 28 U.S.C. § 1441 alleging this Court's original diversity and federal question jurisdiction.

### Diversity Jurisdiction

All defendants are of diverse citizenship from the Louisiana plaintiffs, except the LSED. The LSED was established by the Louisiana Constitution as "a body politic and corporate and political subdivision of the State." *See* Louisiana Constitution of 1921, art. XIV, § 47(A). The LSED is not "subject in any respect to the authority, control or supervision of any regulatory body of the State or any political subdivision thereof." *Id.* at § 47(C). It has the power to sue and be sued, conduct business, enter into contracts, deal in property, collect taxes and fees, and issue bonds payable from its revenues. *Id.* at § 47(D)—(F).

Where a subdivision of a state is given the status of a body corporate and politic, as the LSED, it is regarded as having an independent status from the state. *Moor v. County of Alameda,* 411 U.S. 693, 718–20, 93 S.Ct. 1785, 1800–01, 36 L.Ed.2d 596 (1973), *overruled on other grounds, Monell v. Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In view of the constitutional provisions establishing the corporate powers of the LSED, the Court finds that the LSED is independent and corporate in character, rather than an agent or arm of the state. *See id.* Accordingly, the LSED is not entitled to Eleventh Amendment immunity. A political subdivision of a state that is not entitled to Eleventh Amendment immunity is a citizen of the State for diversity purposes. *Id.,* 411 U.S. at 717–18, 93 S.Ct. at 1800; *See also In re Allied–Signal, Inc.,* 919 F.2d 277, 280 n. 4 (5th Cir.1990) (La.R.S. 13:5106(A), which provides that Louisiana political subdivisions may be sued only in Louisiana state courts, does not restrict federal suits with diversity jurisdiction over a political subdivision lacking Eleventh Amendment immunity).

The defendants alleged that the LSED has no connection to the case and was joined solely for the purpose of defeating removal. Attached to the removal petition is the affidavit of counsel for the LSED stating that the LSED has no connection with the business transaction between the plaintiffs and defendant, Top Rank of Louisiana, Inc., and that the complaint fails to state any valid cause of action against the LSED.

The LSED filed an answer to the complaint changing its prior position. The LSED's answer states that on further review of the facts, it believes it is "truly a necessary and/or indispensable party to these proceedings" and that it "does not consent to any participation by it in this federal court adjudication or to the prior removal instituted by the other defendants and ... that any

litigation of this dispute should properly be returned to the Louisiana state courts."

Considering the LSED's own admission that it is a viable defendant, the removing defendants have failed to show that there is no possible cause of action against the LSED. *See Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir.1983), *cert. denied,* 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984).

As the plaintiffs herein are citizens of Louisiana and the LSED is a citizen of Louisiana, there is no diversity jurisdiction in this case.

## Federal Question Jurisdiction

 Plaintiffs' claim under the federal Securities Exchange Act of 1933 was not removable. No case brought under that Act in state court may be removed to federal court. *See* 15 U.S.C. § 77v(a). On the other hand, the 1934 Act claim may be brought only in federal court. *See* 15 U.S.C. § 78aa. The fact that there is exclusive federal jurisdiction over the 1934 Act claim does not authorize removal. While it is true that under 28 U.S.C. § 1441(c) an entire case may be removed where a separate and independent claim conferring federal question jurisdiction is joined with a non-removable claim, removal under that statute was not authorized in this case. The 1934 Act claim is not separate and independent from the 1933 Act claim because both involve a single wrong to the plaintiffs. *See Armstrong v. Monex Intern., Ltd.,* 413 F.Supp. 567, 569–70 (1976).

Finally, it should be noted that were there separate and independent claims in this case, the 1934 Act claim would not support removal, even though the Court has exclusive, original jurisdiction over such a claim. *See* 15 U.S.C. § 78aa. "The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction ... the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Lambert Run Coal Co. v. B & O R.R.*

*Co.,* 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671, 675 (1922). There being no state court jurisdiction over the 1934 Act claim, this Court has no removal jurisdiction over that claim. Remand is the proper procedure under this circumstance. *See Weeks v. Fidelity & Cas. Co. of New York,* 218 F.2d 503, 504 (5th Cir.1955).

In conclusion, the Court finds that it is without subject matter jurisdiction over this suit by virtue of the lack of diversity of citizenship and the lack of any federal question. Under 28 U.S.C. § 1447, the suit must be remanded.[1]

Accordingly,

IT IS ORDERED that plaintiffs' Motion to Remand is **GRANTED** pursuant to 28 U.S.C. 1447(c) remanding this suit to the Civil District Court for the Parish of Orleans, State of Louisiana.

---

1. 28 U.S.C. § 1447(c) provides in pertinent part: If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.