**In re the ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND, Petitioner.**

No. 91–9515.

United States Court of Appeals, Fifth Circuit.

Feb. 11, 1992.

Gregory C. Weiss, Blue, Williams & Buckley, Metairie, La., for appellant.

Margaret E. Woodward, Judge Veronica D. Wicker, New Orleans, La., for appellee.

On Petition for Writ of Mandamus to the United States District Court For the Eastern District of Louisiana.

Before JOLLY, DAVIS, and SMITH, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Petitioner Administrators of the Tulane Educational Fund (Tulane) seeks a writ of mandamus to the district court to vacate that court's order remanding the underlying case to the Louisiana state court. We grant the writ and vacate the remand order.

## I.

This petition is the latest procedural dispute in an animal welfare controversy. The Institutes for Behavior Resources, Inc. (IBR), a private entity, owns several monkeys that have been the subject of research experimentation. The research was funded by the National Institutes of Health (NIH), a federal agency, and conducted at IBR's facilities in Silver Spring, Maryland. NIH now maintains custody of the monkeys, with IBR's consent. Since 1986, NIH has entrusted the care of the monkeys to a primate research center that is governed by petitioner Tulane. The International Primate Protection League (IPPL) filed suit in Louisiana civil district court to enjoin further experimentation on the monkeys and to obtain custody over them. The suit named Tulane and NIH as defendants.

Shortly after the suit was filed, NIH removed the case to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1442(a)(1), which authorizes removal of state court suits by certain federal defendants.[1] The district court issued a temporary restrain-

---

1. 28 U.S.C. § 1442(a) provides, in relevant part, that:

(a) A civil action ... commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office ...

ing order barring NIH from taking certain actions against the monkeys. NIH appealed the injunction to this court. We held that NIH had the power to remove the case from state court under § 1442(a)(1) and that the IPPL lacked standing to challenge the defendants' actions; we then vacated the injunction and dismissed the case. *International Primate Protection League v. Administrators of the Tulane Educ. Fund,* 895 F.2d 1056 (5th Cir.1990). The Supreme Court reversed, holding that the NIH, as a federal agency, did not have authority to remove the case to federal court under § 1442(a)(1). —— U.S. ——, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991). The Court remanded the case to the district court with instructions to remand it back to the Louisiana state court.

After the district court remanded the case back to Louisiana state court, Tulane re-removed it to federal court under § 1442(a)(1) as a "person acting under" an officer of the United States, namely, the Director of NIH. Subsequently, Tulane moved to have the Director of NIH and the Secretary of Health and Human Services included as parties; the IPPL, in turn, moved to drop NIH as a defendant and to remand the case back to state court. In a minute entry of November 5, 1991, the district court stated:

> The parties now ask this Court to add and delete parties without further development of the facts and without the state court's having decided yet whether or not the NIH is indeed an indispensable party to this lawsuit.
>
> The United States Supreme Court in *International Primate Protection League et al.* stated unequivocally:
>
> > Whether NIH is correct in arguing that either it or one of its officers will be deemed an indispensable party in state court turns on a question of Louisiana law and we decline to speculate on the proper results. *Id.*

That question has not been decided by the state court. That question must be decided before the propriety of Tulane's removal can be addressed. If the NIH is not an indispensable party and it is dismissed by the state court, the relationship between Tulane and the NIH for purposes of removal is merely academic.

Civ. A. No. 91–2966, 1991 WL 235721 (E.D.La.). The district court then granted IPPL's motion to remand. This petition followed.

## II.

■ "As in all petitions for writ of mandamus seeking to reverse a district court's remand, the threshold question that controls us is whether we have jurisdiction to consider this petition." *In re Allied–Signal, Inc.,* 919 F.2d 277, 279 (5th Cir.1990). Ordinarily, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...." 28 U.S.C. § 1447(d). This proscription includes petitions for mandamus. *Gravitt v. Southwestern Bell Tel. Co.,* 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977). Tulane maintains, however, that its petition is reviewable under the Supreme Court's decision in *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976).

■ In *Thermtron,* the Supreme Court concluded that § 1447(d) did not preclude all review of remand orders, but only those remand orders that were based on grounds specified in § 1447(c). *Id.* at 343, 96 S.Ct. at 589. As we discussed in *In re Shell Oil Co.,* 932 F.2d 1518, 1519 (5th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992), however, applying *Thermtron* to the instant case is difficult because § 1447(c) has been amended since that case was decided.[2] Section 1447(c) currently provides that:

---

2. At the time of *Thermtron,* § 1447(c) provided that:

> If at any time before final judgment it appears that the case was removed *improvidently and without jurisdiction,* the district court shall remand the case.... (Emphasis added.)

*Thermtron,* 423 U.S. at 342, 96 S.Ct. at 589. Congress amended § 1447(c) in 1988. Pub.L. No. 100–702, § 1016(c), 102 Stat. 4670.

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .

28 U.S.C.A. § 1447(c) (West Supp.1991). We continue to construe § 1447(d) in light of § 1447(c). *Thermtron*, 423 U.S. at 345, 96 S.Ct. at 590; *Shell*, 932 F.2d at 1520. In *Shell* we held that Congress's changes to § 1447(c) reflected an

> intent to delete improvident removal as an unreviewable basis for remand, at least when a motion to remand based on such improvident removal is made outside the 30–day time limit. This leaves remand orders for lack of subject matter jurisdiction as the only clearly unreviewable remand orders.

*Shell*, 932 F.2d at 1520 (footnote omitted). We must determine, then, whether the district court's remand order is predicated on a perceived lack of jurisdiction.[3] If it is, then we will not review the order, even if the district court's decision is clearly erroneous. *Allied–Signal*, 919 F.2d at 280; *Volvo Corp. of America v. Schwarzer*, 429 U.S. 1331, 97 S.Ct. 284, 50 L.Ed.2d 273 (Rehnquist, Circuit Justice 1976).

■ The district court did not remand based on a perceived lack of jurisdiction. Rather, the district court remanded so that the state court could determine whether NIH is an indispensable party. Indeed, the district court stated unequivocally that the question of whether NIH is an indispensable party under Louisiana law "must be decided *before* the propriety of Tulane's removal can be addressed." (Emphasis added.) Thus the district court did not consider whether it had jurisdiction over the case as removed by Tulane. Because the district court did not base its remand on jurisdictional grounds, we have jurisdiction to review that remand order.

### III.

■ Now that we have established our jurisdiction, we must next review the correctness of the district court's remand order. *Shell*, 932 F.2d at 1521.

The IPPL defends the district court's action by contending that the district court merely implemented the Supreme Court's holding in this case. —— U.S. ——, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991). The bulk of the Supreme Court's opinion addressed the issue of whether § 1442(a)(1) authorizes federal agencies to remove cases. After answering this question of law negatively, the Court turned to the question of whether a remand to state court was appropriate in this case. *Id.* at ——, 111 S.Ct. at 1709, 114 L.Ed.2d at 150. NIH had argued that the Court should affirm this court's dismissal of the case, rather than remand, because any remand to the state court would be "futile" under each of three possible scenarios: (1) NIH would remain a defendant in state court, and the suit would have to be dismissed because NIH could not be sued in state court; (2) an NIH official would be substituted as a defendant, who would then remove the case to federal court by his authority under § 1442(a)(1); or (3) Tulane would remove the case by *its* authority under § 1442(a)(1) as a "person acting under" a federal officer. In rejecting NIH's argument, the Supreme Court held that a remand would not be futile because none of these contingencies was "certain" to occur:

> Whether NIH is correct in arguing that either it or one of its officers will be deemed an indispensable party in state court turns on a question of Louisiana law, and we decline to speculate on the proper result. Similarly, whether Tulane will be able to remove the remanded case requires a determination whether it is a "person acting under" the Director of NIH within the meaning of § 1442(a)(1).

---

**3.** In *Shell* we left open the possibility that timely motions to remand for a "defect in removal procedure" are also unreviewable. *Shell*, 932 F.2d at 1520 n. 5. By the IPPL's own admission, however, its motion to remand was neither based on a "defect in removal procedure," nor made within 30 days of removal. Thus we need to look only at the district court's possible *jurisdictional* grounds for remand to determine reviewability in this case.

This mixed question of law and fact should not be resolved in the first instance by this Court, least of all without an appropriate record.

*Id.* at ——, 111 S.Ct. at 1710, 114 L.Ed.2d at 151. The IPPL reads this passage as holding that only the Louisiana courts can resolve these issues, and contends that the district court implemented this directive by remanding the case.

■ The IPPL misreads both the district court and Supreme Court opinions. The Supreme Court merely declined to speculate on hypothetical circumstances that were not then before it. The problem is now a concrete one. Tulane has removed the case by *its* authority under § 1442(a)(1) as a "person acting under" a federal official. Tulane claims a right independent of the right the Director of NIH might himself assert if he were a party. *See* 28 U.S.C. § 1442(a)(1) (granting removal power to "[a]ny officer of the United States ... *or* person acting under him" (emphasis added)); *M.A.I.N. v. Commissioner, Maine Dept. of Human Services*, 876 F.2d 1051, 1054–55 (1st Cir.1989) (analyzing the two separately). That the Supreme Court declined to speculate on whether Tulane is a "person acting under" the Director of NIH within the meaning of § 1442(a)(1) on the record before it, does not mean that the district court may remand these issues to the state court. Although it is not perfectly clear to us that any interpretation of state law is necessary, even if it is, a district court does not enjoy the luxury of remanding a case to a state court to interpret state law or to make a record. The district court must decide for itself whether Tulane satisfies the two requirements of § 1442(a)(1), *i.e.*, that Tulane is a "person acting under" an officer of the United States and that its acts are "under color of such office."[4] *See* James Wm. Moore and Brett A. Ringle, 1A *Moore's Federal Prac-*

---

4. We decline Tulane's invitation to make these determinations today. In so doing, we intimate no view as to the necessity of further developing the record.
   If the district court determines that Tulane does not satisfy the requirements of

*tice* ¶ 0.164[2] at 398 (Matthew Bender, 1991).

## IV.

We conclude that the district court expressly and affirmatively based its decision to remand on non-§ 1447(c) grounds. We therefore have jurisdiction to review the remand order under the *Thermtron* exception to § 1447(d). We conclude that the petition has merit. Accordingly, we GRANT the petition for mandamus and VACATE the remand order.

§ 1442(a)(1), it should also address whether § 1442(a)(1) is procedural or jurisdictional and whether the tardiness of the IPPL's motion to remand is relevant. *See* note 3.