996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jesus M. GRIJALVA, Plaintiff-Appellant,
v.
SAFEWAY STORES, INC., Defendant-Appellee.
 No. 93-2047.
 United States Court of Appeals, Tenth Circuit.
 June 18, 1993.
 
 Before SEYMOUR, MOORE, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 This matter is before the court on appellee's motion to dismiss the appeal pursuant to 28 U.S.C. § 1447(d), which provides that an order remanding a case to state court "is not reviewable on appeal or otherwise," unless the case was originally removed to federal court under 28 U.S.C. § 1443. Upon consideration of the materials submitted by the parties, we grant appellee's motion for the reasons to follow.
 
 
 2
 Appellant commenced this proceeding by filing a petition to remove his own state personal injury suit to federal court pursuant to 28 U.S.C. § 1441. On appellee's motions to dismiss and remand, the district court held it could not exercise jurisdiction under § 1441 because (1) "[t]here is no indication from the pleadings that the state tort action contains any federal questions, hence, this Court would not have original jurisdiction over that action[,]" and (2) "the party seeking removal to this Court is not the defendant in the State Civil Action." Memorandum opinion filed January 29, 1993, at 3. The court concluded: "In light of the above, this Court lacks jurisdiction over this matter, and it shall be remanded." Id. at 4.
 
 
 3
 Section 1447(d) has been construed to bar appellate review of remand orders involving the mandatory remand provision in § 1447(c) ("If ... the district court lacks subject matter jurisdiction, the case shall be remanded."). See Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 343 (1976); see, e.g., Milk 'n' More, Inc. v. Beavert, 963 F.2d 1342, 1344 (10th Cir.1992); FDIC v. Alley, 820 F.2d 1121, 1123-24 (10th Cir.1987). Because the district court's order clearly falls within the latter provision, appellee correctly insists on dismissal of this appeal.
 
 
 4
 Appellant seeks to avoid the effect of § 1447(d) by arguing that appellee filed its motion for remand outside the pertinent thirty-day period allotted in § 1447(c). However, § 1447(c) imposes this procedural limitation only on motions seeking a remand "on the basis of any defect in removal procedure" and specifically states that a remand for lack of jurisdiction, in contrast, may be effected by the court upon discovery of the problem "at any time before final judgment." See, e.g., In re Adm'rs of Tulane Educ. Fund, 954 F.2d 266, 269 & n. 3 (5th Cir.1992).
 
 
 5
 Finally, although § 1441 was the express basis for removal, appellant now appears to argue that removal was proper also under § 1443 and, consequently, that this appeal implicates the specific exception to nonreviewability made in § 1447(d) for remand orders following § 1443 removal. We reject this after-the-fact attempt to redesignate as the basis for removal a ground more amenable to appellate review.[1]
 
 
 6
 This appeal is DISMISSED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Even if § 1443 were the basis for removal, appellant would obtain no relief on appeal. Affirmance of the remand order would necessarily follow from the statute's own terms, which, like those of § 1441(a), afford a right of removal only to "the defendant." § 1447 (emphasis added); cf. Robertson v. Ball, 534 F.2d 63, 65-66 (5th Cir.1976) (dismissing appeal of remand order under § 1447(d) as to § 1441 removal, and affirming as to § 1443 removal because jurisdictional condition of latter not met)