# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2012

No. 11-20560
Summary Calendar

Lyle W. Cayce
Clerk

SPINDLETOP FILMS, L.L.C.; STF #1001, L.P.,

Plaintiffs - Appellees

v.

CESARE WRIGHT,

Defendants - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-4551

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellant/defendant, Cesare Wright, appeals the district court's order remanding his case to state court and the court's imposition of a $25,000 Rule 11 sanction. We DISMISS the appeal.

Wright removed this case, which concerns the ownership of footage of a motion picture, just one day before trial was to start in state court and long after

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the statutory thirty day window for removal had closed. Wright argued before the district court that an amendment to the complaint made by the plaintiffs/appellees made his removal proper, but the district court disagreed. The district court found that the removal was untimely because Wright could not avail himself of the revival exception under 28 U.S.C. § 1446(b). While the plaintiff did amend the complaint, the amended complaint did not "substantially . . . alter the character of the action and constitute essentially a new lawsuit," and thus the revival exception was inapplicable. *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000). The district court also concluded that the appellant's timing in removing the case was objectively unreasonable per FED. R. CIV. P. 11(b) and as a result imposed sanctions.

After the instant appeal was filed, the district court granted Wright's Motion for Relief from the district court's judgement as to sanctions. The district court found that sanctions were not appropriate because Wright's removal of the case was not objectively unreasonable in light of new information about when the state court trial would have actually started. In light of the district court's order dated October 24, 2011, the sanctions portion of this appeal is moot and we dismiss that portion of the appeal.

As to the order to remand, we conclude that we are barred from reviewing the order by 28 U.S.C. § 1447(d), which states that "an order remanding a case to the state court from which it was removed is not reviewable on appeal." *See also Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232, 127 S. Ct. 2411, 2417 (2007). Appellant points to *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 129 S. Ct. 1862 (2009), to argue that the remand order is reviewable by this court. *Carlsbad* is inapposite, however, because in that case

11-20560

the district court had discretion to retain or remand state law claims based on supplemental jurisdiction. *Id.* at 637, 129 S. Ct. at 1865. The Supreme Court held that when the district court declined to retain state law claims after dismissing the federal law claim, the remand was reviewable because it was not based on a lack of subject matter jurisdiction, but was a discretionary decision by the court. *Id.* at 641, 129 S. Ct. at 1867.

In the instant case, the district court found that removal by Wright was statutorily barred because it was not within the statutory time limit. While Wright argues that this timing requirement should be considered non-jurisdictional like the 28 U.S.C. § 1367(c)(3) remand in *Carlsbad*, his argument is foreclosed by our circuit's precedent in *BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466 (5th Cir. 2012). In *BEPCO*, we stated that "[b]ecause the untimeliness of the removal petition was an independent and authorized reason for remanding [the] case to state court, the district court's remand order is unreviewable. We therefore lack jurisdiction to consider [the] appeal." *Id.* at 470.

Accordingly, we **DISMISS** the appeal of the remand order and the imposition of sanctions.