MURPHY, Circuit Judge.
Arnold Crossroads, LLC brought this action against Gander Mountain Company (Gander) in Missouri state court alleging breach of a commercial lease. Since then Gander has initiated removal of the case to the United States District Court for the Eastern District of Missouri on three occasions. Each time the federal district court has remanded to the state court. Now before us is Gander’s appeal from the order of the district court[1] remanding the misrepresentation claim of intervenor the City of Arnold which Gander removed on *937 the eve of trial in state court. We dismiss the appeal for lack of jurisdiction.
I.
Arnold Crossroads operates a commercial real estate business, and in 2005 it entered into a redevelopment agreement with the City of Arnold under a tax increment financing plan. In January 2008 Arnold Crossroads negotiated a 15 year lease with Gander for it to operate a store in a shopping center within the redevelopment area at a site formerly occupied by a 11-Mart. Gander planned at that time to open a retail store there featuring outdoor equipment and gear.
Under the terms of Gander’s lease with Arnold Crossroads it had a right to terminate, but the parties dispute the last date on which Gander would have been able to take that action. After Gander attempted to terminate the lease in January 2009, Arnold Crossroads sued on February 24 in the Circuit Court of Jefferson County, Missouri for breach of their lease. Arnold Crossroads’ state complaint sought approximately $40,000 for one month of unpaid rent.
Gander, a citizen of Minnesota, attempted to remove the case to federal court on the basis of diversity. Arnold Crossroads, a citizen of Missouri, objected that the amount in controversy was too low for federal jurisdiction, and the district court agreed since 28 U.S.C. 1832(a) requires at least $75,000 to be in controversy. United States District Judge Henry Edward Au-trey remanded the action to state court for lack of subject matter jurisdiction on January 12, 2010.
Seventeen days after the remand order, Gander filed a new action against Arnold Crossroads in the federal district court. In it, Gander sought a declaratory judgment that it had validly terminated its lease with Arnold Crossroads and that it had no remaining obligations under it. On March 23, 2010, United States District Judge Donald J. Stohr dismissed the case on abstention grounds to avoid interference with the pending state case between the parties. Gander Mountain Co. v. Arnold Crossroads, L.L.C., 2010 WL 1170014, *3 (E.D.Mo. Mar. 23, 2010).
In October 2010 Arnold Crossroads amended its state complaint to include damages for unpaid rent over the entire 15 year term of its lease with Gander, claiming several million dollars. Gander once more attempted to remove the case to the federal district court in November 2010, and Judge Autrey again remanded it to state court, ruling that Gander’s removal attempt was untimely under 28 U.S.C. § 1446 since it was seeking to remove an action which had originally been initiated by Arnold Crossroads in February 2009. Section 1446 provided at the time that “a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.”[2]
Subsequently on October 7, 2011, the City of Arnold moved under Missouri Supreme Court Rule 52.12(b)[3] to intervene in the state case which Arnold Crossroads had brought against Gander. The City’s motion to intervene alleged that “the City of Arnold has been harmed by the misrepresentations of Defendant in connection *938 with the same conduct set forth by Arnold Crossroads, L.L.C.” The City alleged that Gander had falsely represented that it would occupy the Arnold Crossroads shopping center property and that the City had been harmed by expending funds for transportation infrastructure in the development district in reliance on Gander’s misrepresentations. The state court granted the City’s intervention motion on November 4, 2011. Pretrial discovery continued, and the City served discovery responses in February 2012 indicating that it was seeking $750,000 in damages from Gander.
In March 2012, at a point when trial in the state court was scheduled to begin in ten days, Gander filed its third notice of removal in the federal district court. Gander alleged that the complaint submitted by the City with its motion to intervene in the dispute with Arnold Crossroads had initiated a separate and independent civil action removable under 28 U.S.C. § 1441(a). Gander’s notice of removal named only one other party in the state case it sought to remove, that being the City of Arnold. According to Gander, Arnold Crossroads lacked standing because it was not a party in the matter to be removed. The imminent state court trial was postponed, and both the City and Arnold Crossroads filed motions in the federal district court seeking remand to the state court.
The federal district court granted the two motions for remand, citing its own prior remand orders and stating that 28 U.S.C. § 1441(a) allows only entire cases to be removed to federal court. Gander again opposes remand, contending that we have jurisdiction to review the remand order and that the federal district court erred in its interpretation of § 1441(a). The City and Arnold Crossroads seek to dismiss Gander’s appeal for lack of jurisdiction, arguing that review of the district court’s order is barred by 28 U.S.C. § 1447(d) and also adopting the court’s conclusion that § 1441(a) allows removal only of entire cases, not of individual claims.
II.
Section 1441(a) provides that “any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant” to federal district court. 28 U.S.C. § 1441(a). Gander argues that the district court erred when it concluded that the City’s intervention in its dispute with Arnold Crossroads was not a separate “civil action” within the meaning of § 1441(a). According to Gander, the federal district court had subject matter jurisdiction over the City’s misrepresentation claim because the parties were citizens of different states and the alleged damages satisfied the amount in controversy requirement under 28 U.S.C. § 1332(a); the district court therefore erred by remanding the City’s claim to state court.
Our first consideration on review is whether we have appellate jurisdiction over Gander’s appeal of the district court’s remand order. With the exception of review of certain civil rights cases not applicable here, an order remanding a case to the state court from which it has been removed “is not reviewable on appeal or otherwise.” 28 U.S.C. § 1447(d). The meaning of § 1447(d) has been narrowed by the Supreme Court, which has made it explicit that “only remands based on grounds specified in § 1447(c) are immune to review under § 1447(d).” Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). The grounds specified in § 1447(c) provide that:
[a] motion to remand the ease on the basis of any defect other than lack of *939 subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.
28 U.S.C. § 1447(c).
By including § 1447(d) in the judicial code, Congress attempted to “expedite the process of choosing a forum for litigation” in order to avoid lengthy proceedings over removal issues. Adkins v. Illinois Cent. R. Co., 326 F.3d 828, 832 (7th Cir.2003). Congress has decided that in the ordinary case the federal district court should have the final word on removal since “at some point litigation over the choice of a courtroom must end.” Id. This congressional judgment makes perfect sense for “[t]he only thing that is at stake is the forum that will hear a claim,” and this issue is “not so fundamental that a second or third layer of judges must test its correctness.” Id.
Our court has recognized that appellate jurisdiction is lacking over remand orders which are “based on a procedural defect or lack of subject matter jurisdiction.” Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir.2006). This jurisdictional bar applies to all § 1447(c) remand orders, even those that may have been erroneously decided. Roberts v. BJC Health System, 452 F.3d 737, 739 (8th Cir.2006). In contrast, we do have appellate jurisdiction over remand orders not based on procedural defects or the lack of subject matter jurisdiction. Notable examples of such appellate jurisdiction have been discussed by the Supreme Court in Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 711-712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (jurisdiction to review a remand order after a decision to abstain), and Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 344, 351-52, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976) (jurisdiction to review remand based on a federal court’s crowded docket). In contrast, we recognized that jurisdiction was lacking because Article III standing had not been shown in Roberts, 452 F.3d at 738-39, and that subject matter jurisdiction was lacking over state law claims that were not completely preempted in Carlson, 445 F.3d at 1050, 1054.
In such cases, “[w]e are required to determine by independent review the actual grounds for the district court’s remand order.” Vincent v. Dakota, Minnesota, & Eastern R.R. Corp., 200 F.3d 580, 581 (8th Cir.2000). This requires the reviewing appellate court to make its own assessment of the actual basis for the remand since a district court’s own citation of § 1447(c) is not dispositive of the question, even though it remains “influential to our analysis.” Lindsey v. Dillard’s, Inc., 306 F.3d 596, 598 (8th Cir.2002). On examining whether we have jurisdiction to review a remand order under § 1447(c), “the scope of our review is limited to verifying that the actual basis for remand was lack of subject matter jurisdiction.” Carlson, 445 F.3d at 1051.
III.
At the outset of its analysis in this case, the district court cited the § 1447(c) requirement that cases be remanded if “at any time before final judgment it appears that the district court lacks subject matter jurisdiction.” 28 U.S.C. § 1447(c). The court then went on to interpret the “civil action” language in § 1441(a) to require that an entire case be removed, “not piecemeal claims for the parties to choose.” In reaching this conclusion the district court relied on 28 U.S.C. § 1441(c), which allows “the entire action” to be removed if a claim within it provides federal question jurisdiction. Nonremovable claims are to be sev *940 ered and remanded, as well as any claims not within the original or supplemental jurisdiction of the federal district court. Id. The district court pointed out that it was required to resolve any ambiguity in favor of state court jurisdiction, see In re Business Men’s Assurance Co. of America, 992 F.2d 181, 183 (8th Cir.1993), and that removal jurisdiction must be narrowly construed in favor of the nonmoving party. Finally, the district court summarized that it was ordering remand “for these reasons, and for some of the same reasons offered in [its] previous remand orders in this matter.”
After thoroughly examining the record, we conclude that the underlying basis for the district court’s remand order now under review was its observation that Gander was again attempting to remove part of a state case more than one year after it had been initiated. The district court explained that it was remanding “for some of the same reasons offered in [its] previous remand orders in this matter.” Its two prior orders had both granted remands on § 1447(c) grounds. The first was based on a lack of subject matter jurisdiction, for at the time of that removal Arnold Crossroads had only sought recovery of about $40,000, an amount below the jurisdictional threshold in 28 U.S.C. 1332(a). See Carlson, 445 F.3d at 1054. The second remand grew out of Gander’s tardy removal in November 2010 more than a year after the February 2009 commencement of that action in state court. See Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 128, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (holding untimely removal is “precisely the type of removal defect contemplated by § 1447(c).”).
Gander’s third removal now under review was initiated on March 16, 2012, ten days before the trial date set in state court. In this order the district court’s language indicates that it perceived the same kind of procedural flaw as in Gander’s previous removal attempts, for it remanded “for some of the same reasons offered in [its] previous remand orders in this matter.” Gander has offered no other convincing explanation about the intended meaning of the court’s reference to its previous remand orders. Judge Autrey viewed the removal as untimely as shown by his previous citation to 28 U.S.C. § 1446, a statute Congress added to limit the time for removal of a civil action to thirty days after notice of a claim for relief against the moving party. See 28 U.S.C. § 1446, Commentary on 1988 Revision.
Gander overlooks the district court’s reference to its previous remand order in the matter now under review. Instead, Gander argues that the district court relied on § 1441(a)’s “civil action” provision to remand, and that a removing party’s failure to meet that statute’s requirements is a “statutory flaw” rather than a jurisdictional or procedural defect, citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 73, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). We disagree. After closely examining the proceedings in the district court and its written orders, we conclude that the basis for the remand now under review was untimely removal, one of the bases the court had relied on in its prior remand orders. The district court’s statement that § 1441(a) requires removal of an entire case was simply one comment made in its process of analysis leading to its ultimate conclusion that remand was required because Gander’s attempted removal was untimely. The references in the court’s order to § 1447(c), which bars remands for lack of subject matter jurisdiction or procedural flaws, and its own prior remand orders confirm this conclusion.
Gander contends that even if the district court did base its latest remand order on the § 1447(c) procedural flaw of untimely *941 removal, we would still have jurisdiction because the City and Arnold Crossroads failed to raise a timeliness objection before the district court. According to Gander the motions for remand raised only the issue that a partial removal is not permitted. We disagree. While the City’s motion for remand did argue that removal of less than the entire case was impermissible, the City also pointed out that the remainder of the case against Gander had been determined to be unremovable on two pri- or occasions. By stating that it was basing the decision now on appeal on its “previous remand orders in this matter,” the district court endorsed arguments raised by the City in its timely filed motion to remand. We therefore need not address the sometimes vexing question of whether an appellate court has jurisdiction over a remand based on a procedural flaw not timely raised. Compare BEPCO, L.P. v. Santa Fe Minerals, Inc., 675 F.3d 466, 471 (5th Cir.2012) (declining jurisdiction where remand was based on § 1447(c) ground not raised in the timely filed motion for remand) with Mitskovski v. Buffalo & Fort Erie Public Bridge Authority, 435 F.3d 127, 131-32 (2nd Cir.2006) (exercising jurisdiction where remand was based on § 1447(c) ground not raised in the timely filed motion for remand).
The City and Arnold Crossroads support the ruling by the district court by arguing that permitting removal from state to federal court of individual claims would transform a single efficient state court proceeding into burdensome parallel litigation, and in its opposition Gander cites Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). Exxon Mobil was a diversity class action case brought by gasoline dealers claiming they had been overcharged for fuel; they argued for the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 over the claims of class members not meeting the jurisdictional amount in controversy under 28 U.S.C. § 1332. Id. at 550, 125 S.Ct. 2611. The Supreme Court’s decision that so long as there was original jurisdiction over one class member, the district court could exercise supplemental jurisdiction over the other claims for overcharges, id. at 559, 125 S.Ct. 2611, is inapposite here. In that case the Court had no reason to analyze the statutes which Congress has provided for removal jurisdiction on which the district court relied here, such as 28 U.S.C. § 1447(d)’s bar on review of remand orders based on a procedural flaw under § 1447(c), or § 1446’s bar on untimely removals. Gander also cites an inapposite line of garnishment cases, a type of case recognized to be a “separate proceeding for removal purposes,” Koehnen v. Herald Fire Insurance Co., 89 F.3d 525, 528 (8th Cir.1996).
After thorough examination of the record, we conclude that the basic ground for the district court’s remand order was that Gander’s removal attempt was defective and that we thus lack jurisdiction over its appeal. See Carlson, 445 F.3d at 1050. We therefore need not address the separate argument that the district court erred by concluding that § 1441(a)’s “civil action” language allows only an entire case to be removed. Where, as here, “one of the § 1447(c) criteria served as the basis for the district court’s remand order, § 1447(d) proscribes [review of] the correctness of the legal conclusions underlying that order.” In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir.2000).
While Gander continues to argue that its March 2012 removal of the City’s suit was timely since the City had only intervened in November 2011, we lack jurisdiction to review the district court’s remand order because its decision was based on the § 1447(c) procedural flaw of untimely removal. See Roberts, 452 F.3d at 739. De *942 ciding otherwise would disregard the limits Congress set on removal jurisdiction and treat them as “nothing at all, because appeals [would] be taken and sustained in those cases where the district court made a mistake, and rejected in cases where the district court was correct.” Adkins, 326 F.3d at 834. Because the remand here was based on a procedural defect under § 1447(c), the district court was acting on a ground on which Congress gives it the final word on the issue of removal. See id. at 832.
IV.
In remanding Gander’s third attempt to remove a dispute related to the Arnold shopping center development from state court, the district court relied on one of the same procedural flaws it had identified in its previous remand orders: untimely removal of a case from state court more than a year after the action had been commenced. 28 U.S.C. § 1446(c). We therefore lack jurisdiction over Gander’s attempted appeal of the district court’s remand order, for 28 U.S.C. § 1447(d) bars review of dismissals based on a § 1447(c) procedural defect. Gander’s attempted appeal is thus dismissed.

. The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

. 28 U.S.C. § 1446 was subsequently amended to bar removal of a case after it has been pending for 1 year "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.” This amendment was not in effect at the time of the district court’s ruling.

. Rule 52.12(b) provides for permissive intervention when an intervening party’s claim "and the main action have a question of law or fact in common.”