# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2841

_____

Adam Vasseur

*Plaintiff - Appellee*

v.

Matthew F. Sowell; Joe L. Jarvis, III

*Defendant*s

TEI Construction Services, Inc.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: June 11, 2019
Filed: July 19, 2019

_____

Before GRUENDER, ARNOLD, and STRAS, Circuit Judges.

_____

GRUENDER, Circuit Judge.

TEI Construction Services, Inc. ("TEI") appeals the district court's[1] order remanding the case to state court based on a lack of subject-matter jurisdiction. We dismiss the appeal for lack of appellate jurisdiction.

In 2014, Adam Vasseur sued various defendants in Missouri state court alleging injuries sustained in a car accident. Vasseur filed an amended petition naming TEI as an additional defendant on November 17, 2017. TEI removed to the United States District Court for the Western District of Missouri on January 9, 2018 based on diversity jurisdiction under 28 U.S.C. § 1332. Vasseur filed a motion to remand on June 13, 2018, arguing that the removal had violated the one-year time limit of 28 U.S.C. § 1446(c), which provides that "[a] case may not be removed . . . on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." The district court granted Vasseur's motion, holding that § 1446(c) is jurisdictional, that the failure to remove the case within one year of the commencement of the original action had therefore deprived the district court of subject-matter jurisdiction, and that the case should be remanded to Missouri state court pursuant to 28 U.S.C. § 1447(c). TEI appeals.

TEI argues that the remand order was "erroneous" because, under Missouri law, an action commences against a particular party when that party is added to the lawsuit, not when the original action was filed against other defendants. But under 28 U.S.C. § 1447(d), "[w]hen a district court remands a case based on a lack of subject matter jurisdiction under section 1447(c), a court of appeals lacks jurisdiction to entertain an appeal of the remand order" and "the remand order must stand whether erroneous or not and whether review is sought by appeal or by extraordinary writ."

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

*Roberts v. BJC Health Sys.*, 452 F.3d 737, 739 (8th Cir. 2006) (internal quotation marks omitted). With this rule, "Congress has decided that in the ordinary case the federal district court should have the final word on removal since at some point litigation over the choice of a courtroom must end." *Arnold Crossroads, L.L.C. v. Gander Mountain Co.*, 751 F.3d 935, 939 (8th Cir. 2014) (internal quotation marks omitted). "This congressional judgment makes perfect sense for [t]he only thing that is at stake is the forum that will hear a claim, and this issue is not so fundamental that a second or third layer of judges must test its correctness." *Id.* (internal quotation marks omitted).

To verify whether we lack appellate jurisdiction under § 1447(d), "[w]e are required to determine by independent review the actual grounds for the district court's remand order." *Id.* For this analysis, a district court's own characterization of its remand as based on a lack of subject-matter jurisdiction "is not dispositive" but "remains influential." *Id.* (internal quotation marks omitted). After all, a district court's remand order may "dress[] in jurisdictional clothing a patently nonjurisdictional ground" such as "docket congestion." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234 (2007). But such minimal review is "limited to confirming" that the district court's "characterization of its remand as resting upon lack of subject-matter jurisdiction" was at least "colorable." *Id.*

Here, Vasseur admits that the district court characterized its remand as based on a lack of subject-matter jurisdiction. He also conceded during oral argument that the district court's interpretation of § 1446(c)'s one-year limitation as jurisdictional was "colorable." After an independent review, we agree. In 2012,[2] § 1446(c) was amended to add a "bad faith" exception to the one-year time limit. A reasonable

---

[2]Only the post-2012 version of § 1446(c) applies here because the present case was commenced after January 6, 2012, the date the revisions went into effect. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 205, 125 Stat. 758, 764-65 (2011).

argument can be made that it would only be necessary to add a "bad faith" exception to the statute if § 1446(c)'s one-year limitation is jurisdictional. If the one-year time limit of § 1446(c) is nonjurisdictional, it would already be "presumptively subject to equitable tolling," *see United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1630 (2015) (emphasis removed), and the "bad faith" exception would be largely superfluous. We are "reluctant to treat statutory terms as surplusage in any setting." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001).

Admittedly, several courts disagree that the one-year limitation in the 2012 version of § 1446(c) is jurisdictional. *See, e.g.*, *Ehrenreich v. Black*, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014); *Bank of Am., N.A. v. Lebreton*, No. 14-0319, 2015 WL 2226266, at \*23 (D.N.M. Apr. 20, 2015); *Deutsch Bank Nat'l Co. v. Brader*, No. 4:15-600, 2015 WL 9872070, n.11 (D.S.C. Oct. 28, 2015). We need not, however, resolve this issue; it is "at least debatable." *See Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234 (2007). We therefore cannot review the merits of this remand order, colorably characterized as based on a lack of subject-matter jurisdiction, and it must stand "whether erroneous or not." *BJC Health Sys.*, 452 F.3d at 739.

For the foregoing reasons, we dismiss the appeal for lack of appellate jurisdiction.

_____

-4-